IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JENNIFER LYNN PEARL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-01000-CV-W-ODS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION AFFIRMING
## COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is affirmed.

## I.    BACKGROUND

Plaintiff was born in October 1980, and has two years of high school education. R. at 19, 39-40. She previously worked as a skip tracer, cashier, and store laborer. R. at 57-58, 200-06. Plaintiff applied for disability and disability insurance benefits, as well as supplemental security income, alleging a disability onset date of December 1, 2009. R. at 10, 179. Plaintiff's applications were denied, and she requested a hearing before an administrative law judge ("ALJ"). R. 105. A hearing was held on August 8, 2016. R. at 35-62. In November 2016, ALJ Mark Naggi issued his decision, finding Plaintiff was not disabled. R. at 7-21.

In rendering his decision, the ALJ found Plaintiff has the following severe impairments: obesity, a history of carpal tunnel syndrome, attention deficit disorder, major depressive disorder, and anxiety. R. at 12. The ALJ determined Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) in that she can lift 20 pounds occasionally and 10 pounds frequently; can stand and/or walk about 6 hours out of an 8 hour workday, with normal

breaks; can sit for about 6 hours out of an 8 hour workday, with normal breaks; and can push and/or pull the same weights. [Plaintiff] cannot work around unprotected heights; is limited to simple, routine, repetitive tasks with no production rate pace work, such as assembly line work, but could perform goal-oriented work such as office cleaning; is limited to simple work-related decisions; can have frequent interaction with supervisors; can have occasional interaction with co-workers and the general public; and would be off task 5 percent of the time in an eight-hour workday.

R. at 15. Based upon the RFC and the vocational expert's ("VE") testimony, the ALJ concluded Plaintiff could work as a retail marker, inserting machine operator, and laundry sorter. R. at 20. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied her appeal. R. at 1-5. Plaintiff now appeals to this Court.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. DISCUSSION
### A. Plaintiff's RFC

One's RFC is the "most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including

2

the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 f.3d 926, 932 (8th Cir. 2016) (citation omitted). "However, there is no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (citations omitted).

Plaintiff argues the RFC is unsupported by substantial evidence, and the ALJ erred by failing to order a consultative exam to assess Plaintiff's physical limitations related to obesity and carpal tunnel syndrome. In determining the RFC, the ALJ considered, among other things, Plaintiff's treatment records; statements concerning the intensity, persistence, and limiting effects of those symptoms; activities of daily living; compliance with treatment; and a third party function report submitted by Plaintiff's fiancé. R. at 15-19.

The ALJ specifically noted Plaintiff's "treatment records do not document any specific symptoms or limitations that are attributed to obesity." R. at 16. Although Plaintiff argues greater limitations related to her obesity should have been included, she does not specify or point to evidence in the record demonstrating what those limitations are. The ALJ has a responsibility to develop the record fairly and fully, but is not obligated to seek additional opinions unless a "crucial issue is undeveloped." *Combs v. Berryhill*, 878 F.3d 642, 646-47 (8th Cir. 2017) (citations and quotation omitted). The ALJ must order a consultative examination when it is necessary to make an informed decision. *See Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000) (citation omitted).

The ALJ did not impermissibly draw inferences from the medical records, substitute his own judgment, or err by failing to order a consultative exam. During the hearing, Plaintiff's counsel had the opportunity to supplement the record, but stated all evidence was submitted. During the hearing, Plaintiff did not identify limitations related to her obesity. Rather, she testified she is able to engage in a range of activities of daily living with some deficits not related to her obesity. R. at 52-54. The ALJ acknowledged Plaintiff was obese based on her height and weight, and limited her to light work as defined in the applicable regulations. The ALJ considered the record as a whole,

including the lack of symptoms and limitations in Plaintiff's treatment records. As it relates to her obesity, the Court finds the record was properly developed and the RFC's limitation to light work is supported by the record as a whole.

Plaintiff also argues the RFC does not include limitations related to her history of carpal tunnel syndrome. Treatment records indicate Plaintiff had carpal tunnel syndrome in January 2015. R. at 337. Plaintiff's physician noted the condition was common during pregnancy, was likely to resolve itself with conservative treatment involving wrist braces, and unlikely to persist after Plaintiff delivered her child. R. at 337. The record reveals no follow-up or additional complaints about carpal tunnel syndrome.

Plaintiff's physical exams show normal grip, strength, and sensation. R. at 336, 340, 346. And Plaintiff testified to performing a range of household chores and daily activities. As with Plaintiff's obesity, the ALJ found a limitation to light work appropriate given Plaintiff's history of carpal tunnel, but did not find greater limitations were warranted based on the minimal treatment history and expectation that the symptoms would not persist. The substantial evidence of the record supports this finding, and the Court finds the ALJ did not err in formulating Plaintiff's RFC.

### B. Medical Opinions

Plaintiff next contends her RFC is unsupported because the ALJ erred in weighing medical opinions in the record. Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). However, a treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Anderson*, 696 F.3d at 793-94; *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). A consultative examiner's opinion may be given more weight than a treating physician's if the ALJ finds the consultant's opinion is "supported by better or more thorough medical evidence." *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000) (citations omitted).

4

### i. Dr. Scher

Stephen Scher, Ph.D., did not examine or treat Plaintiff, but reviewed her records and provided an opinion on behalf of the State Disability Determination Service. R. at 64-74. Scher opined Plaintiff was moderately limited in her ability to carry out detailed instructions, ability to understand and remember detailed instructions, and interact with the public. Scher further opined Plaintiff was not significantly limited in, among other areas, her ability to remember work-like procedures, remember and understand simple instructions, sustain an ordinary routine, and make simple work-related decisions. The ALJ gave Scher's opinion significant weight because he found it generally consistent with the record, which showed "some problems with attention and concentration." R. at 18.

The ALJ did not err in giving Scher's opinion significant weight. The ALJ noted Plaintiff's daily activities, including her care of an infant child, show she was capable of simple work as noted in Scher's opinion. Where Scher's opinion noted Plaintiff might have difficulty interacting with the general public, the ALJ incorporated those findings into the RFC limiting her to only occasional interaction with co-workers and the general public. To the extent Plaintiff argues the ALJ impermissibly relied only on Scher's opinion, the Court rejects that argument. The ALJ assessed Scher's opinion and adopted findings that were consistent with the record as a whole. Accordingly, the Court finds the ALJ did not err in the weight he assigned to Scher's opinion.

### ii. Dr. Navato

Dr. Michael Navato, Plaintiff's treating psychiatrist, completed a mental residual functional capacity assessment. R. at 435-37. Navato did not opine Plaintiff had extreme limitations, but believed she had "marked" limitations in her ability to carry out detailed instructions, perform activities within a schedule, and maintain regular attendance. Additionally, Navato opined Plaintiff would have moderate difficulty in, among other things, understanding and remembering, concentrating for extended periods, sustaining a routine, accepting instruction and responding appropriately to criticism, and getting along with co-workers without distracting them or exhibiting behavioral extremes.

The ALJ did not err in affording "some" weight to Navato's opinion. R. at 18. The ALJ found it partially consistent with medical records, but noted Navato's treatment records did not contain "notable functional problems" despite her alleged symptoms. Navato's treatment notes describe depression and anxiety, but he repeatedly notes Plaintiff's cognition, attention, concentration, thought processes, and memory are normal or good. R. at 373-82, 424-31. While Navato stated Plaintiff was compliant with care, the ALJ noted intermittent treatment, and Plaintiff's variable complaints did not support finding her unable to engage in any work. To the extent Navato opined Plaintiff had marked or moderate limitations, Plaintiff's RFC incorporates many of those findings where it limits Plaintiff to light work with occasional interaction with co-workers and the public, and limits her to simple, routine, repetitive tasks. Accordingly, the Court finds the ALJ did not err in weighing Navato's opinion.

### iii. Dr. Harrison

Finally, Plaintiff argues the ALJ erred in giving "little" weight to the opinion of Dr. Michael Harrison, Plaintiff's treating psychologist. Plaintiff argues Harrison's opinion, summarized in a February 2010 letter opining she was unable to return to work, should be given controlling weight. R. at 386. The ALJ correctly noted Harrison's treatment notes and opinion letter heavily focused on the question of whether Plaintiff could return to her past work, described as "high[] stress" work making "aggressive collection calls" on behalf of a national bank. R. at 17, 297, 386.

To the extent Harrison opined about Plaintiff's inability to handle high stress work, Plaintiff's RFC is consistent with that opinion in that it provides for a slower pace of work in a less stressful environment. Even discounting Harrison's focus on Plaintiff's past work, his opinion regarding Plaintiff's ability to engage in work of any kind is one ultimately reserved for the Commissioner. *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007). Finally, Harrison's notes and summary letter do not provide functional limitations the ALJ could consider in formulating Plaintiff's RFC. Considering the whole record, the

Court finds the ALJ did not err in weighing Harrison's opinion, and finds substantial evidence supports the RFC.[1]

## IV.  CONCLUSION

The Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

DATE: August 1, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] To the extent Plaintiff argues the ALJ erred by not obtaining records from Dr. Chinnaswamy, the Court finds no error. Plaintiff did not identify Chinnaswamy in her application, nor did Plaintiff seek to supplement the record with Chinnaswamy's records. Only on this appeal does Plaintiff seem to raise the issue. Furthermore, Chinnaswamy treated Plaintiff in connection with Harrison, whose notes reference Chinnaswamy's treatment, and Plaintiff does not suggest Chinnaswamy's opinion differs from Harrison's.